# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Select Comfort Corporation,
Select Comfort Profit Sharing & 401(k) Plan,
and Select Comfort Executive
Investment Plan,

                                 Plaintiffs,

                                                    Civ. No. 05-1368 (RHK/JSM)

                                                    **MEMORANDUM OPINION**
                                                    **AND ORDER**

v.

MetLife, Inc. and
Metropolitan Life Insurance Company,

                                 Defendants.

---

Jeffrey J. Bouslog, Heidi A.O. Fisher, and David A. Prange, Oppenheimer Wolff &
Donnelly LLP, Minneapolis, MN, for Plaintiffs.

Britton D. Weimer, Blackwell Igbanugo P.A., Minneapolis, MN, for Defendants.

---

Before the Court is the Motion of Plaintiffs Select Comfort Corporation ("Select Comfort"), Select Comfort Profit Sharing & 401(k) Plan ("Retirement Plan") and Select Comfort Executive Investment Plan ("Executive Plan") (collectively "Plaintiffs"), pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, for a temporary restraining order against Defendants MetLife, Inc. ("MetLife") and Metropolitan Life Insurance Company ("MLIC") (collectively "Defendants"). Both sides have appeared in this matter, and the Court has received and reviewed memoranda and affidavits submitted both in support of and in opposition

to the pending Motion.[1]   A hearing was held on July 14, 2005 before the undersigned.   For the

reasons set forth below, the Court will grant the Motion.[2]

1.      Defendant MetLife provided retirement plan administration and investment

management services to Select Comfort and the participants in the Retirement Plan and

Executive Plan.   One of the investment fund options offered by MetLife is a fixed income fund

provided by MLIC.

2.      Select Comfort terminated the administration and investment management

services provided by MetLife effective June 30, 2005.   As part of this termination, all assets

controlled by MetLife and/or MLIC, including those invested in the fixed income fund, were

to be transferred to Prudential Financial on July 1, 2005.

3.      On July 1, 2005, the assets held in the fixed income fund were not transferred

by MetLife to Prudential Financial.

4.      MetLife has prohibited participant and beneficiary access to and control over

the assets held in the fixed income fund until on or about November 12, 2007.   That is,

participants will be unable to transfer their funds from the fixed income fund to any other

MetLife fund, or to any fund administered by a company other than MetLife.

5.      MetLife has provided no legal basis on which to withhold the assets in the fixed

---

[1]Because Defendants received notice of Plaintiffs' Motion and Defendants were
heard by the Court, the Court will construe Plaintiffs' Motion as one for a preliminary
injunction.   See Fed. R. Civ. P. 65(a).

[2] The following constitutes the Court's findings of fact and conclusions of law as
required by Rules 52(a) and 65 of the Federal Rules of Civil Procedure.

income fund; therefore, Plaintiffs are likely to succeed on the merits of its claims.  In refusing to transfer the assets in the fixed income fund, MetLife relies on a contract—not signed by either party—allegedly sent to Select Comfort with instructions that Select Comfort was to sign and return the contract.  There is no evidence before the Court that the contract was ever received by Select Comfort, signed by either party, or returned to MetLife.

6.      MetLife's continued retention of assets held in the fixed income fund would cause immediate and irreparable harm to the participants and beneficiaries of the Retirement Plan and Executive Plan because the participants and beneficiaries will not have access to and control over such funds after the expiration of a trading blackout period[3], including the ability to move assets between investment fund choices.  The speculative nature of the damages suffered by participants in not being able to freely invest their assets adds to the Court's finding of irreparable harm.  Furthermore, participants would be subject to irreparable harm based on the uncertainty resulting from their inability to freely invest their assets until November 2007.

7.      A consideration of the balance of harm between Plaintiffs and Defendants also weighs in favor of issuing an injunction.  The intangible harm that Plan participants would be exposed to due to the freezing of their assets in the fixed income fund outweighs the monetary harm that Defendants may suffer due to the early termination of the investment of those assets.

---

[3]The trading blackout period is set to expire on July 15, 2005.

8.      The entry of this preliminary injunction is necessary to maintain the status quo and to prevent immediate and irreparable harm to the participants and beneficiaries of the Retirement Plan and Executive Plan.

## Conclusion

Based upon the foregoing, and on all of the files, records and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 2), which the Court construes as a motion for a preliminary injunction, is **GRANTED** as follows:

1.      MetLife and MLIC shall forthwith transfer all assets held in the fixed income fund, including the principal and interest credited on principal through the date of transfer, to Prudential Financial; and

2.      Plaintiffs shall post bond of two-hundred-thousand dollars ($200,000)[4] for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined.  Upon the posting of the bond, the preliminary injunction provided herein will become effective.

Dated: July 14, 2005                                    s/Richard H. Kyle
                                                        RICHARD H. KYLE
                                                        United States District Judge

---

[4] If either party disputes the <u>amount</u> of the required bond, it may apply to the Court, by motion, for a modification.